IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| EDWARD ETTINGER, JR., | ) CASE NO. 5:11CV00033 |
| Plaintiff, | ) |
| | ) <u>REPORT AND RECOMMENDATION</u> |
| v. | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's July 13, 2007 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

On August 19, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff was not disabled. (R. 104-115.) Plaintiff appealed this denial to the Appeals Council, and the Appeals Council granted the request for review. In an Order entered December 18, 2009, the Appeals Council vacated the August 19, 2009 decision and remanded the case to a Law Judge for resolution of some specific issues. (R. 118-119.) The Appeals Council's mandate provided the Law Judge with specific instructions upon remand. The instruction provided:

As appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rule 83-14 and 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Rule 00-4p).

(R. 119.)

In a decision issued on June 8, 2010, the second Law Judge found that plaintiff was insured for benefits through December 31, 2006[1]. (R. 19.) The Law Judge determined that plaintiff had worked since his August 1, 2006 alleged disability onset date, but that the record did not support a decision based solely on work activity. (*Id.*) The Law Judge believed that plaintiff suffered the following severe impairments: obesity, rheumatoid arthritis and other polyarthropathies and osteoarthritis, though he did not believe that viewed alone, or in combination, they met or equaled a listed impairment. (R. 19-20.) The Law Judge determined that, during the insured period, plaintiff retained the RFC to perform a full range of light work requiring lifting up to twenty pounds occasionally and ten pounds frequently, standing and/or walking about six hours in an eight-hour workday, and sitting about six hours in an eight-hour workday, with no postural, manipulative, or environmental limitations. (R. 21-22.) He concluded that, through his date last insured, plaintiff could not perform any of his past relevant work, but by application of Grid Rule 202.21[2] of the Medical-Vocational Guidelines, ("grids")[3],

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to December 31, 2006, when his insured status expired. *See* 20 C.F.R. § 404.131(a).

[2] Grid Rule 202.21 provides that a person is disabled if he limited to light work, is a younger individual, is a high school graduate or more, and his past relevant work experience is skilled or semiskilled with skills which are not transferrable. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

2

the Law Judge concluded that plaintiff was not disabled. (R. 27-28.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act during the relevant time period. (R. 29.)

Plaintiff appealed the Law Judge's June 8, 2010 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 1-3.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

At the outset, the undersigned notes that the relevant period of inquiry in this case is from August 1, 2006 until plaintiff's insured status expired on December 31, 2006. Thus, the evidence offered in support of the claim must relate to that period of time in order to be relevant.

In the brief filed in support of his motion for summary judgment, plaintiff's sole argument is that the Commissioner erred in finding that he retained the RFC to perform light

---

[3] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue,* 2010 WL 1027492, * 3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris,* 658 F.2d 260, 265 (4th Cir. 1981)).

exertional work. (Pl's Brief, pp. 10-15.) Specifically, plaintiff contends that the Law Judge's RFC finding erroneously relied on the opinions of the consultative examiners and disregarded the opinions offered by his treating physicians. (Pl's Brief, pp. 12-13.) The undersigned disagrees and finds that the Law Judge's decision that plaintiff could perform a full range of light exertional work is supported by substantial evidence.

RFC is defined as that which an individual remains able to do despite the limitations caused by the claimant's impairments. 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is an administrative finding, and the final responsibility for determining RFC is specifically reserved to the Commissioner. *England v. Astrue*, 2011 WL 5592849, *2 (W.D.Va. November 16, 2011).

During oral argument, plaintiff asserted that the evidence from his treating rheumatologist, Don Martin, M.D., supports his contention that he did not retain the RFC to perform light exertional work. Dr. Martin submitted two forms assessing plaintiff's limitations and an opinion letter dated September 22, 2009, which all include his opinion that plaintiff's rheumatoid arthritis rendered him disabled during the relevant time period. (R. 518-526.) While retrospective medical evidence from a treating source may be relevant to establish a disability arising in the claimant's medical past, such evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques and must not be inconsistent with other substantial evidence. *Ewald v. Astrue*, 2011 WL 5828719, *3 (W.D.Va. November 18, 2011).

Here, Dr. Martin's retrospective opinion is inconsistent with substantial evidence from the relevant time period between August and the end of December 2006. For instance, plaintiff was being treated by Gordon D. Weirich, M.D. at Carilion Family Medicine during the relevant

4

time period, and was seen by him on November 2, 2006. (R. 330-331.) Plaintiff presented with joint pains, and Dr. Weirich diagnosed plaintiff as suffering only *minor* arthralgia. (R. 330.) On November 20, 2006, plaintiff returned back to Dr. Weirich for a follow up related to his joint pain. (R. 333-334.) At this visit, plaintiff was diagnosed with rheumatoid arthritis. (R. 333.) There is nothing in this evidence which suggests plaintiff was suffering disabling limitations from the condition at that time.

The Law Judge's decision also is supported by the State agency record reviewing physicians. R.S. Kadian, M.D. evaluated plaintiff's medical records from the relevant time period and determined that, although he suffered rheumatoid arthritis, he retained the RFC to perform light work. (R. 365-370.) This opinion was echoed by Syed Hassan, M.D. (R. 453-459.) Plaintiff argues that these assessments post-date the relevant time period, and as such, are not entitled to the weight accorded them by the Law Judge. The undersigned disagrees. Although the reviews occurred after the relevant period, which could, in a sense be considered retrospective to that extent, the evidence reviewed was from the relevant period. Thus, any decision premised on them is supported by substantial evidence from that period.

Plaintiff argues that a Functional Capacity Evaluation performed at RMH Rehab Services supports his contention that he was completely disabled. As plaintiff points out, the results of that evaluation provide support for a finding that he could perform only sedentary exertional work. (R. 396-421.) This evaluation was performed on November 7, 2007, more than ten months after the relevant time period, and there is no apparent attempt to relate the then current assessment back to the relevant time period. Moreover, the undersigned notes that this opinion indicating that plaintiff could perform sedentary work ultimately undercuts his argument that he

5

was completely disabled, even at the time of the assessment. In sum, this evidence fails to persuade the undersigned that this evidence provides a sufficient basis to conclude that the weight accorded it by the Law Judge is not supported by substantial evidence.

Plaintiff argues that the lay evidence he presented provides further support for his claim that he was disabled. The evidence plaintiff referenced is two letters found in the record. The first letter is from Bruce Thomas and was written on March 25, 2010. (R. 301.) Thomas stated that he noticed during 2006 that plaintiff was having difficulty doing his work in furniture restoration. The second letter, a letter from Fred Wilkerson, echoes Thomas' assertion that in 2006 plaintiff's ability to perform furniture restoration was impaired. (R. 302.) Taking all of this as true, the undersigned finds that this evidence is not compelling because the Law Judge found that plaintiff could not return to his past relevant work.

During oral argument, plaintiff argued that his rheumatoid arthritis caused him to deteriorate quickly and rendered him disabled from all work. While the evidence reveals that plaintiff may have been on the way to suffering disabling rheumatoid arthritis, it fails to rise to the level of demonstrating that his impairment had reached disabling status until after his insured status had expired.

For the first time during oral argument, plaintiff contended that he is entitled, at least, to a remand because the Law Judge did not follow the directions provided in the Appeals Council's December 18, 2009 remand order.[4] Specifically, plaintiff asserted that the Law Judge did not comply with the Appeals Council's specific instruction to secure a vocational expert ("VE") to testify. In response, the Commissioner argued that the Law Judge's review of plaintiff's case

---

[4] This issue was not addressed in plaintiff's brief. However, the Commissioner did not object to plaintiff's raising of it for the first time during oral argument.

6

was *de novo*, and that the Law Judge did not go further in the analysis because he was not required to do so, in light of the evidence substantially supporting his decision.

As noted above, this case was remanded by the Appeals Council on December 18, 2009 with the following mandate: "*As appropriate*, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rule 83-14 and 85-15)." (R. 119) (emphasis added.) In light of the fact that the Law Judge found that plaintiff could perform a full range of light work, a finding which the undersigned has concluded is supported by substantial evidence, the Law Judge was not then required to call upon the services of a VE. *See Aistrop v. Barnhart*, 36 Fed. Appx. 145, 146 (4th Cir. 2002) (When a claimant has no nonexertional impairments which prevent him from performing a full range of work at a given exertional level, the Commissioner may satisfy his burden of proof by relying solely on the grids.) Thus, plaintiff's argument fails.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the

undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

December 1, 2011
Date